**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOSEPH SHIRLEY ) | |
| 6407 Branch Hill Guinea Pike ) | |
| Loveland, OH 45140 ) | |
|  ) | |
|     Plaintiff, ) | |
|  ) | |
|     v. ) | Case No. |
|  ) | |
| ALPHA RECOVERY CORPORATION ) | |
| 5660 Greenwood Plaza Blvd., Suite 101 ) | |
| Greenwood Village, CO 80111 ) | |
|  ) | |
|     Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JOSEPH SHIRLEY ("Plaintiff"), through his attorney, Jack S. Malkin, Esq., alleges the following against Defendant, ALPHA RECOVERY CORPORATION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Loveland, Hamilton County, Ohio.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Greenwood Village, Colorado.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with DeKalb Medical Center, original creditor account number ending in 3101.

17. The alleged debt at issue arises from transactions for personal, family, and household

purposes.

18. Within the last year, Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 1650.

19. Defendant calls Plaintiff from 513-276-4423, which is one of Defendant's telephone numbers.

20. On more than one occasion within the last year, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

21. During the aforementioned conversation, Plaintiff requested Defendant stop calling him on his cellular telephone.

22. Despite Plaintiff's multiple cease and desist requests, Defendant continued to place several collection calls to Plaintiff on his cellular telephone number.

23. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

24. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

25. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

26. Plaintiff never gave permission for Defendant to call Plaintiff's cellular telephone.

27. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

28. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to store telephone numbers.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

36. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

37. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff

after Plaintiff requested Defendant stop calling him; and

b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling him.

WHEREFORE, Plaintiff, JOSEPHY SHIRLEY, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORPORATION, for the following:

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats and re-alleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOSEPHY SHIRLEY, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORPORATION, for the following:

44. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to

and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

45. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

46. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

47. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 24, 2016

By: /s/Jack S. Malkin
Jack S. Malkin, Esq.
Ohio Bar Number: 0034018
20521 Chagrin Blvd., Suite E
Shaker Heights, OH 44122
Tel: 216-751-7708
jmalkin23@hotmail.com
Attorney for Plaintiff